UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

     Plaintiff,

v.

TYVON MAURICE BROOKS,

     Defendant.

Case No. 21-20369
Honorable Laurie J. Michelson

---

**OPINION AND ORDER GRANTING GOVERNMENT'S MOTION TO COMPEL DEFENDANT'S DNA SAMPLE [2]**

---

Tyvon Maurice Brooks was arrested after law enforcement officers recovered a firearm under the driver's seat in the car he had been driving. Brooks has been indicted on one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). The government moves to compel a buccal swab from Brooks to compare with the DNA material recovered from the firearm. The government advises that in order to analyze the sample taken from the firearm, the Michigan State Police forensic laboratory requires known DNA, i.e., a sample from Brooks, against which to compare the samples. For the following reasons, the government's motion is GRANTED.

## I.

On the night of March 23, 2021, members of the Detroit Police Department initiated a traffic stop on a speeding vehicle. (ECF No. 2, PageID.7.) Brooks was the driver. (*Id.*) He exited the vehicle and left the driver's door open. (*Id.*) After detaining

Brooks and the passenger, the officers saw the handle of a handgun sticking out from under the driver's seat. (*Id.*) Brooks told the officers that he had been driving the vehicle for about a month. (*Id.*)

On June 9, 2021, Brooks was indicted on one count of being a felon in possession of a firearm. (ECF No. 1.) Following the indictment, the firearm recovered from the vehicle was swabbed for DNA. (ECF No. 2, PageID.8.) The swabs are being held by the ATF until they can be submitted to the Michigan State Police forensic lab for analysis. (*Id.*) Purportedly due to a backlog, the MSP lab will not accept samples for analysis without two known DNA samples for comparison. (*Id.*) Thus, says the government, "Brooks's DNA sample is necessary to compare with any DNA that may be recovered from the handgun." (*Id.*)

So the government has moved to compel "a DNA sample from Brooks taken by gently swabbing the inside of his mouth and cheek." (*Id.* at PageID.5.) The Court gave Brooks until August 6, 2021 to file a response. (ECF No. 12.) He neglected to do so.

## II.

The Fourth Amendment provides that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated." "Using a buccal swab on the inner tissues of a person's cheek in order to obtain DNA samples is a search." *Maryland v. King*, 569 U.S. 435, 446 (2013); *see also Schmerber v. Cal.*, 384 U.S. 757, 768 (1966) (holding that bodily intrusions like blood tests are subject to Fourth Amendment reasonableness analysis.) "As the text of the Fourth Amendment indicates, the ultimate measure of

the constitutionality of a governmental search is 'reasonableness.'" *King*, 569 U.S. at 446. The application of "traditional standards of reasonableness" requires the Court to weigh "the promotion of legitimate governmental interests" against "the degree to which [the search] intrudes upon an individual's privacy." *Id.*

"Buccal cell collection involves wiping a small piece of filter paper or a cotton swab similar to a Q-tip against the inside cheek of an individual's mouth to collect some skin cells. The procedure is quick and painless." *King*, 133 S. Ct. at 1967–68 (citation and internal quotation marks omitted). Thus, "[o]btaining buccal swabs is a minimally-intrusive process, and if the United States establishes reasonable individualized suspicion that the procedure will lead to admissible DNA evidence in a criminal case, the Court will ordinarily authorize it." *United States v. Hayes*, No. 15-CR-29-A, 2017 WL 1437213, at *2 (W.D.N.Y. 2017); *see also United States v. Knight*, No. 15-CR-20283, 2016 U.S. Dist. LEXIS 90644 (E.D. Mich. July 13, 2016) (finding buccal swab reasonable under the Fourth Amendment).

Here, the balance weighs in favor of allowing the DNA sample.

## A.

The first step in the Fourth Amendment analysis is to determine whether there is probable cause for the search. The substance of all the definitions of probable cause is a "reasonable ground for belief of guilt," *Maryland v. Pringle*, 540 U.S. 366, 371 (2003), or, in this case, a reasonable ground for belief that Brooks' DNA may match that recovered from the firearm in the car he was driving, *see United States v. Lassiter*, 607 F. Supp. 2d 162, 166 (D.D.C. 2009) (compelling a DNA sample after

finding "sufficient probable cause to believe" defendant's DNA could match blood on a sock recovered from the crime scene).

Here, a grand jury has found probable cause that, given Brooks' prior criminal convictions, he unlawfully possessed the firearm seized on or about March 23, 2021. (ECF No. 1.) The government has also proffered facts regarding Brooks' connection to the firearm. Brooks was driving the vehicle in which the gun was found. (ECF No. 2, PageID.7.) The gun was found under the driver's seat. (*Id*.) Brooks told police he had been driving the vehicle for the past month. (*Id*.) Also, the MSP forensic analysts will not analyze the swabs from the firearm without also obtaining two known DNA samples for comparison. (*Id*. at PageID.8.) Thus, the Court agrees with the government that because there is probable cause that Brooks "possessed and had physical contact with the gun recovered from under his driver's seat," there is also probable cause to believe that Brooks' DNA may be found on the gun. (*Id*. at PageID.10.) In other words, the government has met its burden of establishing reasonable individualized suspicion that the buccal swab will lead to admissible DNA evidence. *See United States v. Shine*, 17-CR-00028, 2018 U.S. Dist. LEXIS 39939, at *3–4 (W.D.N.Y. Mar. 12, 2018).

Next, the Court weighs the "extent of the intrusion upon the individual's dignitary interests in personal privacy and bodily integrity" against "the community's interest in fairly and accurately determining guilt or innocence." *Winston v. Lee*, 470 U.S. 753, 761–62 (1985).

As discussed, a buccal swab is "not an invasive procedure." *United States v. Knight*, No. 15-CR-20283, 2016 U.S. Dist LEXIS 90644, at \*5 (E.D. Mich. July 13, 2016). It involves a brief and minimal intrusion. *King*, 569 U.S. at 463; *see also United States v. Lassiter*, 607 F. Supp. 2d 162, 167 (D.D.C. 2009) (recognizing that a buccal cell swab does not pose any threat to defendant's health or safety). And "[t]he fact that intrusion is negligible is of central relevance to determining reasonableness . . ." *Id.* at 446; *see also United States v. Proctor*, 230 F. Supp.3d 1, 2 (D.D.C. 2017) ("An arrestee's 'expectations of privacy [are] not offended by the minor intrusion of a brief swab of his cheeks.'") (quotation omitted).

The Court also weighs the defendant's interests against "the community's interest in fairly and accurately determining guilt or innocence." *Winston*, 470 U.S. at 762. The government contends that the DNA evidence swabbed from the firearm at issue has both "inculpatory and exculpatory value." (ECF No. 2, PageID.10.) Courts have found that "the Fourth Amendment is not offended when the government seeks to compel a buccal swab for the purposes of linking the defendant to evidence that has relevance to the defendant's guilt or innocence of the charges against the defendant." *United States v. Evans*, 427 F. Supp. 3d 87, 91 (D.D.C. 2019) (citing cases).

For instance, in *United States v. Proctor*, 230 F. Supp. 3d 1 (D.D.C. 2017), the defendants, like Brooks, were charged with unlawful possession of firearms. The government moved to compel several defendants to provide DNA evidence because it "intend[ed] to compare [the defendants'] DNA profiles to any DNA traces found on

firearms recovered during a valid search of locations over which each [d]efendant exercised dominion and control." *Id*. at 2. The court found that "[t]he governmental interest in seeking a saliva sample by buccal swab is even 'stronger' when the defendant has been indicted on charges pertaining to firearm possession and the government seeks to link the defendant to seized firearms." *Id*.; *see also Knight*, 2016 U.S. Dist. LEXIS 90644, at *5 (buccal swab was valuable "to the government's purpose of determining the guilt or innocence of Defendant").

Balancing Brooks' privacy interests against the public's interest in determining guilt or innocence—and given Brooks' lack of objection—the Court finds that it is reasonable to compel Brooks to submit to a buccal cell swab for the purpose of conducting DNA analysis on the genetic material on the firearm retrieved from the car he was driving.

### III.

For all of these reasons, the Court finds that the requested buccal swab is reasonable under the Fourth Amendment and the government's motion is GRANTED.

IT IS SO ORDERED.

Dated: August 10, 2021

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE